DAVID W. GAMMILL   (SBN 258286)
 [DAVID@GAMMILL.LAW]
**GAMMILL LAW, APC**
1500 ROSECRANS AVE., SUITE 500
MANHATTAN BEACH, CA 90266
TEL: (310) 750-4140 ; FAX: (323) 350-1108

GREG L. KIRAKOSIAN   (SBN 294580)
 [GREG@KIRAKOSIANLAW.COM]
**KIRAKOSIAN LAW, APC**
644 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3411
TEL: (213) 417-9790 ; FAX: (213) 477-2355

Attorneys for Plaintiff, *BECCA STANDT*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BECCA STANDT, an individual,<br><br>                    Plaintiff,<br><br>      vs.<br><br>CITY OF LOS ANGELES, a Public Entity; LOS ANGELES POLICE DEPARTMENT, a public entity; and DOE OFFICERS 1 through 15; DOE SUPERVISORS, 16 through 20,<br><br>                    Defendants. | **CASE NO.: 2:21-cv-9381**<br><br>**COMPLAINT FOR DAMAGES AND CLAIMS FOR RELIEF:**<br><br> 1. **VIOLATION OF CIVIL RIGHTS – *EXCESSIVE FORCE*;**<br> 2. **VIOLATION OF CIVIL RIGHTS – *UNLAWFUL SEIZURE;***<br> 3. **VIOLATION OF CIVIL RIGHTS – *FIRST AMENDMENT*;**<br> 4. **VIOLATION OF CIVIL RIGHTS – *MONELL CLAIM*;**<br> 5. **NEGLIGENCE;**<br> 6. **BATTERY;**<br> 7. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; and**<br> 8. **VIOLATION OF CALIFORNIA CIVIL RIGHTS ACT.**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

**COMPLAINT FOR DAMAGES**

## SUMMARY OF FACTS

1.     Plaintiff Becca Standt's claims arise out of the brutal assault, battery, excessive force, wrongful seizure, and other claims enumerated herein that occurred while she was lawfully and peaceably standing in a public place, obeying all laws and commands of police officers, and near the vicinity of a peaceful protest. Specifically, Ms. Standt was forcibly and violently pushed and struck in the head and body multiple times by the City of Los Angeles, the Los Angeles Police Department and DOE Officers (collectively "Defendants" or "LAPD"), thereby sustaining traumatic brain injuries, other physical injuries, the violation of her civil rights, and extreme emotional distress.

2.     On or about the evening of March 25, 2021, at approximately 8:20 p.m., at or near Echo Park and specifically at or near an alley near Park Ave. & Lemoyne St., Los Angeles, CA 90026, peaceful protests were taking place in response to the City of Los Angeles' clearing of the homeless encampments at Echo Park Lake and associated closure of the Lake.

3.     At all relevant times, Plaintiff Becca Standt is an Echo Park resident who lived approximately one block away from the location where the protests were taking place (1121 Echo Park Avenue, Los Angeles, CA 90026).  Ms. Standt did not participate in the protests, and in fact wished to avoid the commotion associated with them. Accordingly, on the night of March 25, 2021, Ms. Standt attempted to leave the Echo Park area in her automobile. Though Ms. Standt tried to leave the area via multiple different routes, she was unable to do so, as each of these routes were blocked off by LAPD in an effort to contain the protests. In several attempts to leave in her vehicle, Ms. Standt was repeatedly told by LAPD officers that she would not be able to drive her vehicle through those areas and leave by way of any of the routes she attempted.

4.     Once it became clear to Ms. Standt that she would not be able to leave Echo Park, she decided to return to her residence and simply observe the protests from the alley of her residence (alley of Lemoyne Street in between Park Avenue and Sunset Boulevard). The peaceful protests were taking place on Lemoyne Street and Park

Avenue. Though Ms. Standt remained uninvolved in the protests, she exercised her constitutional rights to safely remain at a considerable distance from the center of the protests. During the peaceful protest, LAPD officers soon came charging through the alley where Ms. Standt was lawfully standing (entered the alley from Echo Park Avenue toward Lemoyne Street) and, without any warning, direction, or commands, violently and forcefully struck and pushed her to the ground, causing her to strike her head and sustain severe head injuries. Though Ms. Standt got up, LAPD officers immediately, without any warning, direction, or commands, violently and forcefully continued to push her to the ground, ultimately causing her to sustain significant head trauma, concussions, and other bodily injuries. Ms. Standt fell backwards and struck her head on the concrete, stating that afterward she "couldn't hear anything and everything went pretty blurry."

5.     Along with countless other people, Echo Park Neighborhood Council President Zarinah Williams witnessed these events, remarking that Ms. Standt "[went] flying." A friend of Ms. Standt's subsequently took her to a local urgent care facility, but the facility was closed, so Ms. Standt returned home. The next morning, she began vomiting and was taken to the emergency room, where she learned that she had suffered a concussion and brain injuries. Ms. Standt continues to suffer complications from her injuries and receives treatment for them.

6.     LAPD officers have acknowledged that they are aware of the incident involving Ms. Standt and have stated that a formal investigation is underway.

## PARTIES

7.     At all relevant times, Becca Standt ("Plaintiff") was an individual residing in the City of Los Angeles, County of Los Angeles, California.

8.     Defendant City of Los Angeles is, and at all relevant times was, a governmental entity organized and existing under the laws of the State of California in the County of Los Angeles, California.

9.     At all relevant times, the Los Angeles Police Department was a law

enforcement agency for Defendant City of Los Angeles, responsible for the training and supervision of its police officers, and Defendants DOES 1 through 20 (Defendants are collectively "Defendants" or "LAPD").

10.     The City of Los Angeles and the LAPD are responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the LAPD, its agents and employees, and the LAPD Officers. At all relevant times, Defendants were responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, the City of Los Angeles was the employer of Defendants DOES 1 through 20.

11.     Defendant DOES 1 through 15, are, and at all relevant times were, individuals residing in the County of Los Angeles in the State of California. At all relevant times, DOES 1 through 15 were acting in the course and scope of their employment with the City of Los Angeles, the LAPD, and acting under the color of state law.

12.     Defendants DOES 16 - 20 are managerial, supervisorial, and policymaking employees of the LAPD, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the LAPD. DOES 16 - 20 were acting with the complete authority and ratification of their principal, Defendant the City of Los Angeles.

13.     The true names and/or capacities, whether individual, corporate, associate, or otherwise of Defendant DOES 1 through 20 are unknown to Plaintiff at this time and therefore Plaintiff files this Complaint against said DOE Defendants by such fictitious names. Plaintiff will seek leave of Court to amend this complaint when the true names and capacities of said DOE Defendants are ascertained.

14.     Plaintiff is informed and believes, and based upon such information and belief, alleges that each Defendant and Defendants sued herein as DOES 1 through 20 are contractually, strictly, vicariously liable and/or otherwise legally responsible in

- 4 –

**COMPLAINT FOR DAMAGES**

some manner for each and every act, omission, obligation, event or happening set forth in this Complaint.

15.    Plaintiff is informed and believes and thereon alleges that at all relevant times each of the Defendants and DOE Defendants, in addition to acting for himself, herself, or itself and on his, her, or its own behalf, is and was acting as the agent, servant, employee and representative of, and with the knowledge, consent, and permission of each and all the Defendants.

16.    Plaintiff further alleges that the acts of each of the Defendants were fully ratified by each and all other Defendants. Specifically, and without limitation, Plaintiff alleges on information and belief that the actions, failures to act, and breaches alleged herein are attributed to one or more of the Defendants were approved, ratified, and done with the cooperation and knowledge of each and all of the other Defendants.

## FIRST CLAIM FOR RELIEF

### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

### *EXCESSIVE FORCE*

### (*Plaintiff against all Defendants*)

17.    Plaintiff realleges and incorporates by reference the paragraphs and allegations contained in all preceding paragraphs of this complaint, as though fully set forth herein.

18.    As alleged herein, Defendants used excessive force against Plaintiff when they violently and forcefully continued to strike and push Plaintiff to the ground, ultimately causing her to sustain significant head trauma, concussions, and other bodily injuries. The foregoing conduct was without justification or probable cause. Defendants' unjustified excessive use of force deprived Plaintiff of her right to be secure in her person against unreasonable use of force as guaranteed under the Fourth and Fourteenth Amendment.

19.    Based on the facts readily available and known to Defendants, no reasonable conclusion could be drawn that force, let alone the extreme degree of force

used, was reasonable.  At all relevant times, Plaintiff was compliant, in the vicinity of her home, in the area where Defendants instructed her to remain, and posed no immediate threat of death or serious bodily injury at any time. No objective facts readily available and known to Defendants could have reasonably led them to conclude that Plaintiff was a threat requiring the use of such harmful and excessive force. As a result of the foregoing, Plaintiff suffered great physical injuries and emotional distress. Further, Defendants' actions and use of force violated their training and standard police officer training.

20.  Defendants, under color of law intentionally, recklessly, negligently, unlawfully, with malice, fraud, and oppression violated Plaintiff's Civil Rights and her right to be secure in her person against unreasonable use of force as guaranteed to Plaintiff under the Fourth and Fourteenth Amendment.

21.  Plaintiff further alleges that Defendants, with deliberate indifference to and reckless disregard for the safety and well-being of Plaintiff, and in violation of the Fourth and Fourteenth Amendments to the Constitution, committed or allowed to be committed, acts which deprived Plaintiff of her Constitutional rights.

22.  Due to the conduct of Defendants, and each of them, Plaintiff has suffered general damages and special damages, all in sum to be proved at trial. Due to the conduct of Defendants, and each of them, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

23.  Defendants acted with a conscious disregard of Plaintiff's rights conferred upon her by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution and California Civil Code Section 3333, by intentionally and unnecessarily causing him great bodily injury.

24.  Said conduct of Defendants constitutes malice, oppression and/or fraud under California Civil Code § 3294, entitling Plaintiff to punitive damages against the individual Defendants in an amount suitable to punish and set an example of said

COMPLAINT FOR DAMAGES

1   individual Defendants.

2   <u>**SECOND CLAIM FOR RELIEF**</u>

3   **VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**

4   **UNREASONABLE SEARCH AND SEIZURE**

5   (***Plaintiff against all Defendants***)

6        25.    Plaintiff realleges and incorporates by reference the paragraphs and

7   allegations contained in all the preceding paragraphs of this Complaint, as though fully

8   set forth herein.

9        26.    Defendants searched, seized, and detained Plaintiff without consent,

10   reasonable suspicion, or probable cause.

11        27.    When Defendants searched, seized, and forced Plaintiff to the ground as

12   alleged herein, they violated Plaintiff's right to be secure in her person against

13   unreasonable searches and seizures as guaranteed to Plaintiff under the Fourth

14   Amendment to the United States Constitution and applied to state actors by the

15   Fourteenth Amendment.

16        28.    Defendants knew that their conduct could and would likely result in the

17   violation of Plaintiff's civil rights and would result in further significant injury or the

18   unnecessary and wanton infliction of emotional distress but disregarded those risks and

19   contributed and caused damages to Plaintiff.

20        29.    Due to the conduct of Defendants, and each of them, Plaintiff has suffered

21   general damages and special damages, all in sum to be proved at trial. Due to the

22   conduct of Defendants, and each of them, Plaintiff has been required to incur attorneys'

23   fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be

24   proved at trial and recoverable pursuant to 42 U.S.C. §1988.

25        30.    Defendants acted with a conscious disregard of Plaintiff's rights conferred

26   upon her by Section 1983, Title 42 of the United States Code, the Fourth Amendment

27   to the United States Constitution and California Civil Code Section 3333, by

28   intentionally and unnecessarily causing him great bodily injury.

**COMPLAINT FOR DAMAGES**

31.     Said conduct of Defendants constitutes malice, oppression and/or fraud under California Civil Code § 3294, entitling Plaintiff to punitive damages against the individual Defendants in an amount suitable to punish and set an example of said individual Defendants.

## THIRD CLAIM FOR RELIEF

### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

### *FIRST AMENDMENT*

### (*Plaintiff against all Defendants*)

32.     Plaintiff realleges and incorporates by reference the paragraphs and allegations contained in all the preceding paragraphs of this complaint, as though fully set forth herein.

33.     The right of free speech, assembly and association is guaranteed under the First Amendment and is "clearly established" such that a reasonable police officer in Defendants' situation would know it is wrong to interfere in Plaintiff's Constitutional rights of free speech, gathering for peaceful and lawful purposes, and peaceful protest.

34.     Defendants' actions against Plaintiff, as described herein, denied her the guaranteed rights and protections of the First, Fourth, and Fourteenth Amendment of the United States Constitution.

35.     At all times material to this Complaint, the Defendant Officers were acting under color of the law in violating Plaintiff's constitutional rights as herein under the First, Fourth and Fourteenth Amendments to the Constitution of the United States.

36.     Defendants directly participated and/or aided and abetted in the wrongful use of excessive force against Plaintiff and violated Plaintiff's First Amendment rights.

37.     Due to the conduct of Defendants, and each of them, Plaintiff has suffered general damages and special damages, all in sum to be proved at trial. Due to the conduct of Defendants, and each of them, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

**COMPLAINT FOR DAMAGES**

38.     Defendants acted with a conscious disregard of Plaintiff's rights conferred upon her by Section 1983, Title 42 of the United States Code, the Fourth Amendment to the United States Constitution and California Civil Code Section 3333, by intentionally and unnecessarily causing him great bodily injury.

39.     Said conduct of Defendants constitutes malice, oppression and/or fraud under California Civil Code § 3294, entitling Plaintiff to punitive damages against the individual Defendants in an amount suitable to punish and set an example of said individual Defendants.

## FOURTH CLAIM FOR RELIEF
### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
### *MONNEL* CLAIM
### (*Plaintiff against The City of Los Angeles and DOES 16 - 20*)

40.     Plaintiff realleges and incorporates by reference the paragraphs and allegations contained in all the preceding paragraphs of this complaint, as though fully set forth herein.

41.     At all relevant times, Defendant Officers acted under color of law. The acts of the Defendant Officers violated Plaintiff's rights under the United States Constitution and the First, Fourth, and Fourteenth Amendment.

42.     Upon information and belief, DOES 16 through 20 were final policymaker, acting under color of law, who had final policymaking authority concerning the acts of DOES 1 through 15, ratifying the Defendant Officers acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of the Defendant Officers acts.

43.     Upon information and belief, a final policymaker has determined that the acts of the Defendant Officers were "within policy."

44.     Accordingly, Defendants City of Los Angeles is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

45.     The training policies of Defendant were not adequate to train its officers to

**COMPLAINT FOR DAMAGES**

handle the usual and recurring situations with which they must deal.

46.     Defendant City of Los Angeles was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

47.     The failure of Defendant City of Los Angeles to provide adequate training caused the deprivation of Plaintiff's rights by the Defendant Officers; that is, the City of Los Angeles' failure to train is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

48.     On information and belief, the City of Los Angeles failed to train the Defendant Officers properly and adequately. By reason of the aforementioned acts and omissions, Plaintiff has been injured.

49.     Accordingly, the City of Los Angeles is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

50.     Defendants Officers acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the Defendant City of Los Angeles.

51.     On information and belief, the Defendant Officers were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with Plaintiff's injuries.

52.     The City of Los Angeles policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

(a) Using excessive force, including excessive deadly force, and violating persons' First, Fourth, and Fourteenth Amendment;

(b) Providing inadequate training regarding the use of force;

(c) Employing and retaining as police officers individuals such as Defendant Officers, who Defendant City of Los Angeles at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

(d) Inadequately supervising, training, controlling, assigning, and disciplining City of Los Angeles officers, and other personnel, including Defendant Officers, who

Defendant City of Los Angeles knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

(e) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by Defendant Officers;

(f) Failing to adequately discipline City of Los Angeles police officers, including Defendant Officers, for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

(g) Announcing that the use of unreasonable, unjustified, and excessive force are "within policy," including conduct that was later determined to be unconstitutional;

(h) Even where use of force is determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

53. By reason of the aforementioned acts and omissions, Plaintiff has suffered physical and emotional injuries in an amount to be proven at trial.

54. Defendants City of Los Angeles and DOES 16 through 20, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these Defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff, and other individuals similarly situated.

55. By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendant Officers acted with intentional, reckless, and callous disregard for Plaintiff's constitutional rights. Furthermore, the policies,

practices, and customs implemented, maintained, and still tolerated by Defendants City of Los Angeles and DOES 16 through 20 were affirmatively linked to and were a significantly influential force behind the injuries of Plaintiff.

56.   Accordingly, Defendants City of Los Angeles and DOES 1 through 20 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

## FIFTH CLAIM FOR RELIEF

### NEGLIGENCE

### (*Plaintiff against all Defendants*)

57.   Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

58.   Defendants had a duty to use reasonable care in their interaction with the Plaintiff and to ensure that an individual is free from foreseeable risks of harm from Defendants conduct and not to expose such person to reasonably foreseeable risks of injury, including, but not limited to, causing harm to Plaintiff.

59.   At all relevant times, no probable cause existed to forcefully hit Plaintiff. At all relevant times including the hit and kick to Plaintiff, Defendants had no reasonable basis to believe that Plaintiff posed any threat of injury to any persons or officers. At all relevant times, Defendants knew that Plaintiff had not, in any way, committed any threat and had been compliant including assisting the officers to bring peace in such situation.

60.   Based on the facts readily available and known to the Defendants, no reasonable conclusion could be drawn that probable cause existed to hit Plaintiff. All objective facts readily available and known to Defendants could not have reasonably led the officer to conclude that Plaintiff had committed or was committing a crime.

61.   In light of the foregoing facts, knowledge, and circumstances, no reasonable person or reasonable officer could have believed that probable cause existed to hit and kick Plaintiff. Moreover, in light of the foregoing, no material ambiguities existed and no reasonable person could have believed that Plaintiff had committed any

threat. As such, no reasonable person or reasonable officer, acting on said facts, could sensibly or reasonably conclude that probable cause existed to hit and kick Plaintiff.

62.     Defendants had a duty to use reasonable care in their interaction with the Plaintiff and to ensure that an individual is free from foreseeable risks of harm from Defendants' conduct while interacting with them and not to expose such person to reasonably foreseeable risks of injury or deprivation of rights.

63.     Defendants breached their duty of care owed to the public and especially to Plaintiff by failing to act with the requisite care required and caused Plaintiff to suffer injuries, including but not limited to: physical injuries, severe pain, bruising and internal injuries despite  knowing that Plaintiff was undeniably innocent of any criminal activity.

64.     Defendants knew, or in the exercise of ordinary and reasonable care should have known, that Defendants' conduct posed a significant risk of harm to Plaintiff, as it did when Defendants interacted with Plaintiff and caused her to be unlawfully hit, kicked and suffer injuries that would not have otherwise occurred but for the unreasonable conduct of the Defendants. Defendants breached the duty of care owed to the public and to Plaintiff by failing to act with the requisite care required and causing Plaintiff to suffer injuries and pain.

65.     Plaintiff is informed and believes that Plaintiff's injuries resulted from and arose directly out of Defendant Police Officers' conduct that was ratified by Defendant City of Los Angeles. Defendant Police Officers conduct was motivated and arose, in whole or in part, by a desire to serve City of Los Angeles. The City is liable for the acts, omissions and conduct of its employees pursuant to California Government Code Section 815.2.

66.     As a direct and proximate result of Defendants' conduct, Plaintiff actually suffered past and future special damages, past and future general damages, mental anguish, emotional distress, and injury to her mind in an amount according to proof.

**COMPLAINT FOR DAMAGES**

# SIXTH CLAIM FOR RELIEF

## BATTERY

### (*Plaintiff against all Defendants*)

67.     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

68.     Defendants, while working as officers for the City of Los Angeles and the Los Angeles Police Department and acting within the course and scope of their employment with the City, intentionally hit and kicked Plaintiff without any warning or her consent.

69.     Plaintiff is informed and believes that Defendants' conduct was committed with the intent to cause Plaintiff a harmful and offensive contact or with reckless disregard to the probability that Plaintiff would suffer physical and emotional harm.

70.     Defendants had no legal justification for using force against Plaintiff, and use of force while carrying out their duties as a police officer was an unreasonable and nonprivileged use of force.

71.     As a direct and proximate result of the conduct of Defendants as alleged above, Plaintiff sustained special damages, general damages, mental anguish, emotional distress, and injury to her mind in an amount according to proof at trial.

72.     The City of Los Angeles is vicariously liable for the wrongful acts of the Officers pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

73.     In doing the acts herein alleged, the individual LAPD Officers acted with malice and oppression in knowingly, purposefully, and intentionally committing the conduct. Said conduct was vile and despicable in that Defendants knew that their conduct would cause Plaintiff harm and cause her to suffer extreme emotional distress but continued their unlawful conduct. Defendants acted with oppression and malice and is therefore liable for punitive damages.

**COMPLAINT FOR DAMAGES**

**SEVENTH CLAIMS FOR RELIEF**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(*Plaintiff against all Defendants*)**

74.　Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint, as though fully set forth herein.

75.　Defendants, while working as officers for the City of Los Angeles and acting within the course and scope of their employment with the City, intentionally hit and kicked Plaintiff without any justification, warning or her consent.

76.　Defendants had no legal justification for using force against Plaintiff, and the use of force while carrying out their duty on the City's behalf was unreasonable and nonprivileged use of force.

77.　Defendants' conduct was extreme and outrageous, and beyond the bounds of decency tolerated in a civilized society.

78.　Defendants' conduct was intended to cause Plaintiff emotional distress and Defendants acted with reckless disregard to the probability that Plaintiff would suffer emotional distress.

79.　As a direct and proximate result of Defendants' conduct, Plaintiff has suffered severe mental anguish, emotional distress, anxiety, worry, fear, embarrassment, and humiliation and suffered from associated physical manifestations and injuries in a sum to be proven at trial.

80.　The City of Los Angeles is vicariously liable for the wrongful acts of Defendant Police Department Officers pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employees' act would subject him or her to liability.

81.　In doing the acts herein alleged, the individual LAPD Officers acted with malice and oppression in knowingly, purposefully, and intentionally committing the conduct. Said conduct was vile and despicable in that Defendants knew that their

- 15 –

**COMPLAINT FOR DAMAGES**

conduct would cause Plaintiff harm and cause her to suffer extreme emotional distress but continued their unlawful conduct. Defendants acted with oppression and malice and is therefore liable for punitive damages.

## EIGHTH CLAIM FOR RELIEF

## VIOLATION OF CIVIL RIGHTS (CAL. CIV. CODE §§ 51 and 52, et seq.)

## VIOLATION OF UNRUH AND BANE ACT

### (*Plaintiff against all Defendants*)

82.     Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

83.     California Civil Code, Section §§51 and 52, et seq., protects individuals from violence, threats of violence, or interference with an individual's rights.

84.     "Besides the personal rights mentioned or recognized in the Government Code, every person has, subject to the qualifications and restrictions provided by law, the right of protection from bodily restrain or harm, from personal insult, from defamation, and from injury to her personal relations." Cal. Civ. Code § 42. Moreover, §§51 and 52, et seq., protect individuals from discrimination on the basis of the individuals race and further prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

85.     Cal.Civ.Code § 51, commonly known as the Unruh Civil Rights Act, provides in relevant part:  "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

86.     Cal.Civ.Code § 52 of the Unruh Civil Rights Act provides in relevant part: "Whoever denies, aids or incites a denial, or makes any discrimination or distinction

contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

87.     Whoever denies the right provided by Section 51.7 or 51.9, or aids, incites, or conspires in that denial, is liable for each and every offense for the actual damages suffered by any person denied that right and, in addition, the following: (1) An amount to be determined by a jury, or a court sitting without a jury, for exemplary damages. (2) A civil penalty of twenty-five thousand dollars ($25,000) to be awarded to the person denied the right provided by Section 51.7 in any action brought by the person denied the right, or by the Attorney General, a district attorney, or a city attorney. An action for that penalty brought pursuant to Section 51.7 shall be commenced within three years of the alleged practice. (3) Attorney's fees as may be determined by the court."

88.     Defendants improperly hit and kicked Plaintiff, as alleged herein, and violated Plaintiff's rights of protection from bodily restraint and harm. On information and belief, Defendant Officers, while working for the City of Los Angeles and acting within the course and scope of their duties, violated Plaintiff's rights and committed and attempted to commit acts of restraint and harm against Plaintiff.

89.     Defendants' conduct in violation of Plaintiff's rights proximately and legally caused damages to Plaintiff, including but not limited to pain, suffering, emotional distress, fear, trepidation, past and future medical treatment and expenses, and past and future psychological and/or psychiatric damages according to proof.

90.     The conduct of Defendants was a substantial factor in causing Plaintiff's harms, losses, injuries, and damages.

91.     The City is vicariously liable for the wrongful acts of Defendant Officers pursuant to section 815.2(a) of the California Government Code, which provides that a

**COMPLAINT FOR DAMAGES**

public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

92.     Defendants DOES 1-20 are vicariously liable under California law and the doctrine of respondeat superior.

93.     Section 52(a) of the Unruh Civil Rights Act sets forth the penalty to be imposed against individuals who discriminate against persons based on suspect, arbitrary classifications, including sexual orientation and transsexual status as being actual damages suffered, plus an award of up to three times actual damages, but in no case less than $1,000, plus attorney's fees pursuant to section 51.1(h).

94.     Section 52(b) of the Unruh Civil Rights Act sets forth the penalty to be imposed against individuals who engage in violence against persons based on suspect, arbitrary classifications, including sexual orientation and transsexual status, or who perpetrate in such violence based upon a perception that the individual possesses said characteristics as being actual damages suffered, plus an award of exemplary damages, a civil penalty of $25,000, plus attorney's fees.

95.     In doing the acts herein alleged, the individual LAPD Officers acted with malice and oppression in knowingly, purposefully, and intentionally committing the conduct. Said conduct was vile and despicable in that Defendant knew that her conduct was cause Plaintiff harm and cause him to suffer extreme emotional distress but continued her unlawful conduct. Defendant acted with oppression and malice and is therefore liable for punitive damages.

**COMPLAINT FOR DAMAGES**

/ / /

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff BECCA STANDT prays for judgment as follows:

1.     For general damages in an amount to be determined by proof at trial;

2.     For special damages in an amount to be determined by proof at trial;

3.     For punitive and exemplary damages against Does 1 through 20;

4.     For costs of suit;

5.     For reasonable attorneys' fees and costs as provided by statute; and

6.     For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff BECCA STANDT hereby demands a jury trial.

DATED:  December 3, 2021                    GAMMILL LAW, APC
                                             KIRAKOSIAN LAW, APC


                                    By: _____
                                         DAVID W. GAMMILL
                                         GREG L. KIRAKOSIAN
                                         Attorneys for Claimant
                                         *BECCA STANDT*

- 19 –

**COMPLAINT FOR DAMAGES**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28